IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK A. HAMIL, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Civil Action No.13-1062-RGA |
| | : |
| DAVID PIERCE, Warden, and | : |
| ATTORNEY GENERAL OF THE | : |
| STATE OF DELAWARE, | : |
| | : |
| Respondents. | : |

**MEMORANDUM OPINION**

Mark A. Hamil. *Pro se* Petitioner.

Gregory E. Smith, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

July 8, 2014

*[signature]*
ANDREWS, UNITED STATES DISTRICT JUDGE:

Pending before the Court is Petitioner Mark A. Hamil's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) The State has filed an Answer in opposition. (D.I. 9) For the reasons discussed, the Court will dismiss the Petition.

## I. BACKGROUND

On November 12, 1996, Petitioner pled guilty to first degree robbery, two counts of aggravated menacing, attempted first degree murder, and second degree burglary. (D.I. 9 at 1) In exchange, the State dismissed the balance of the indictment. On January 16, 1997, the Superior Court sentenced Petitioner to a total of thirty years of imprisonment. Petitioner did not appeal his conviction or sentence. *Id.*

Subsequent to his sentencing, Petitioner filed several motions for sentence reduction on October 18, 1999; March 23, 2000; August 13, 2002; August 23, 2004; and October 7, 2008. (D.I 11, Del. Super. Ct. Crim. Dkt. Entry Nos. 45, 46, 54, 66) Other than changes to restitution and access to alternate rehabilitation programs, all of the sentence reduction motions were denied. (D.I 11, Del. Super. Ct. Crim. Dkt. Entry Nos. 49, 55, 70)

On June 11, 2013, Petitioner filed a state petition for writ of habeas corpus, which was denied on June 12, 2013. (D.I. 11, Del. Super. Ct. Crim. Dkt. Entry Nos. 73, 74)

Petitioner filed the instant Petition on June 3, 2013. (D.I. 1 (docketed June 13, 2014)) The State filed an Answer, contending that the Court should deny the Petition for failing to assert an issue cognizable on federal habeas review. (D.I. 9) Petitioner filed a Reply. (D.I. 12)

## II. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see Woodford*, 538 U.S. at 206.

## III. DISCUSSION

In 2012, while still serving his thirty year sentence, Petitioner was working in the prison motor pool. (D.I. 9 at 2) The Department of Correction ("DOC") discovered that a vehicle entering the motor pool contained drugs and cell phones. Upon finding this contraband, the Warden at that time suspended all inmate workers in the motor pool. Because Petitioner did not cooperate with the subsequent investigation, he was not returned to prison employment. As a result, Petitioner was no longer earning meritorious good time credits associated with prison employment. *Id.*

On June 3, 2013, Petitioner filed the instant Petition, alleging that his rights under the Fourth and Fourteenth Amendments were being violated because he was prevented from earning

good-time credit as part of a "mass punishment." (D.I. 1 at 10) He asked the Court to order the DOC to "credit all of the good time from the point he was suspended," and to permit the "continued accruing of good time until he is restored to a good-time earning status equal to or greater than that which he had prior to the unlawful suspension." (D.I. 1 at 13) The State filed an Answer contending that Petitioner's claim does not assert an issue cognizable on federal habeas review. (D.I. 9) Petitioner filed a Reply to the State's Answer, explaining that after he filed the instant Petition, he was permitted to return to prison employment and is currently working in the Education Department. (D.I. 12 at 2) As a result, he changed his requested relief to the restoration of the "good time lost while he was suspended from earning good time without due process," namely, from October 23, 2012 to October 15, 2013, "at a rate of 5 days per month for a total of 60 days good time." (D.I. 12) In essence, Petitioner contends that his due process rights were violated because he lost the ability to earn good time credits during the period of time he was not employed in a prison job. There is no claim that any previously earned good-time credits have been revoked. (D.I. 1 at 13; D.I. 9 at 3).

The Due Process Clause of the Fourteenth Amendment protects certain fundamental rights. *See White v. Napoleon*, 897 F.2d 103, 111 (3d Cir. 1990). The first step in analyzing if a prisoner's Due Process rights have been violated is determining if the prisoner has been deprived of an existing liberty or property interest. *Swarthout v. Cooke*, 131 S.Ct. 859, 861 (2011). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty', or it may arise from an expectation or interest created by state laws or policies."[1]

---

[1] Although the Due Process Clause of the Constitution protects certain liberty interests created under state law, including state laws governing the method for calculating the credit an inmate has earned toward release, Federal law does not dictate any specific methodology for calculating sentencing credit for state prisoners. *See, e.g., Sup't, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985)(holding that inmates cannot be deprived of "good time credits" without at least

3

*Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)(internal citations omitted). If the prisoner has been deprived of a liberty interest, then the Court must engage in a further inquiry to determine if the procedures followed by the State were constitutionally sufficient. *Swarthout*, 131 S.Ct. at 861.

It is well-settled that inmates "do not have a protected liberty or property interest in their job assignments that would give rise to Due Process Clause protection." *Abdul-Aziz v. Ricci*, ___ F. App'x ___, 2014 WL 2699758, at *2 (3d Cir. June 16, 2014); *see Getz v. Carroll*, 2001 WL 1617189, at *2 (D. Del. Dec. 7, 2011); *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989). The Due Process Clause also does not guarantee the right to earn good-time credits. *See Shockley v. Hosterman*, 2007 WL 1810480, at *3 (D. Del. June 22, 2007). Similarly, under well-established Delaware law, a prisoner does not have a liberty interest in a prison work assignment that serves to reduce a sentence. *See Pinkston v. Del. Dep't Corr.*, 2013 WL 6329360, at *4 (Del. Super. Ct. Dec. 4, 2013); *Smith v. Salas*, 5 A.3d 631 (Table), 2010 WL 3632825, at *1 (Del. Sept. 20, 2010).

Thus, because Petitioner does not have a liberty interest in earning good time credits through prison employment, his instant contention that his due process rights were violated by failing to credit his sentence with the good time credit he would have earned had he been employed from October 23, 2012 to October 15, 2013 fails to establish a viable claim for relief. Accordingly, the Court will deny the instant Petition.

---

minimal due process because state statutes created a liberty interest in such credits). Consequently, the role of the federal courts is limited to the enforcement of due process rights created by state law. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, the Court will deny the Petition without an evidentiary hearing. An appropriate Order will be entered.